IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MARQUIS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00279 |
| | ) | |
| CITY OF CHICAGO, ALLEJANDRO BALLESTEROS, #11650 and FERNANDO RUIZ, #12936, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MARQUIS JONES, by and through counsel, SHILLER PREYAR JARARD & SAMUELS, and complaining of the defendants, CITY OF CHICAGO, ALLEJANDRO BALLESTEROS, #11650, and FERNANDO RUIZ, #12936, states as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States of America.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a), and the Constitution of the United States of America.

1

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff Marquis Jones is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

5. Defendants ALLEJANDRO BALLESTEROS, #11650, and FERNANDO RUIZ, #12936 ("Defendant Officers") were, at the time of this occurrence, a duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant City of Chicago ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

## FACTS

7. On or around 22 September 2019, Plaintiff Marquis Jones was the backseat passenger in a vehicle that was pulled over by Defendant Officers at or around the intersection of Springfield and Jackson in Chicago, Illinois.

8. Plaintiff Jones and the two other occupants of the vehicle were Black males.

9. Defendant Officers purported to pull the vehicle over because Jones, the backseat passenger, was not wearing a seatbelt.

10. The Defendant Officers' rationale for pulling over the vehicle was pretextual and part of a pattern and practice of racial profiling by Chicago Police on Black drivers and vehicle occupants.

11. Defendant Officers then ordered Mr. Jones to exit the vehicle.

12. As Mr. Jones was exiting the vehicle, he was tasered by Defendant Officers.

13. Defendant Officers used excessive force against Plaintiff. The force used against Plaintiff was objectively unreasonable.

14. Mr. Jones was then arrested for allegedly possessing narcotics.

15. Plaintiff's arrest was made without a warrant. Immediately before he was arrested by the Defendant Officers, Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was being arrested, he was not violating any laws, rules, or ordinances. There was no probable cause or justification for the arrest of Plaintiff Marquis Jones on 22 September 2019.

16. After arresting Plaintiff, Defendant Officers commenced criminal proceedings against Marquis Jones. There was no probable cause or legal justification to commence criminal proceedings against the Plaintiff.

17. The criminal proceedings against the Plaintiff were all subsequently resolved by a nolle prosequi, and in a manner indicative of the Plaintiff's innocence.

18. At the time that Plaintiff was arrested, Defendant Officers knew that there was no probable cause or legal justification to arrest the Plaintiff.

19. The excessive force used against Plaintiff was captured on video. Plaintiff Marquis Jones requested the footage pursuant to a Freedom of Information Act Request, but the Chicago Police Department has refused to produce.

20. The acts of Defendant Officer were intentional, willful and wanton.

21. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – Illegal Seizure

22. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

23. The seizure of Plaintiff's person performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

24. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of her liberty and the taking of her person and property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed her to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiff, MARQUIS JONES, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, ALLEJANDRO BALLESTEROS, #11650, and FERNANDO RUIZ, #12936, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – Excessive Force

25. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

26. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

27. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, MARQUIS JONES, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, ALLEJANDRO BALLESTEROS, #11650, and FERNANDO RUIZ, #12936, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III: 42 U.S.C. § 1983 – False Arrest

28. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

29. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

30. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and

5

humiliation, exposed her to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, MARQUIS JONES, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, ALLEJANDRO BALLESTEROS, #11650, and FERNANDO RUIZ, #12936, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Unlawful Pretrial Detention

31. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

32. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

33. Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

34. As described more fully above, Defendant Officers, while acting individually, jointly, and in conspiracy with other unnamed individuals, deprived Plaintiff of his constitutional rights.

35. Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment.

36. As a result of the suppression hearing finding that the confession from Plaintiff was coerced, the state dismissed all charges against Plaintiff on June 21, 2018.

37. Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

38. The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

WHEREFORE the Plaintiff, MARQUIS JONES, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, ALLEJANDRO BALLESTEROS, #11650, and FERNANDO RUIZ, #12936, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

39. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

40. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime she did not commit, and to thereby deprive Plaintiff of her Constitutional rights, all as described more fully throughout this Complaint.

41. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

7

42. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

43. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and she suffered damages, severe emotional distress and anguish, and a deprivation of her liberty, as is more fully alleged above.

44. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

45. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of her liberty. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, MARQUIS JONES, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, ALLEJANDRO BALLESTEROS, #11650, and FERNANDO RUIZ, #12936, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VI: 745 ILCS 10/9-102 – Indemnification

46. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

47. Defendant City is the employer of the Defendant Officers.

48. The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE the Plaintiff, MARQUIS JONES, demands that, should any individually-named defendants, ALLEJANDRO BALLESTEROS, #11650, and FERNANDO RUIZ, #12936, be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

### COUNT VII: Intentional Infliction of Emotional Distress

49. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

50. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

51. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

52. Defendant City is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of their respective employment.

53. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous

system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiff, MARQUIS JONES, demands judgment against the Defendants, CITY OF CHICAGO, ALLEJANDRO BALLESTEROS, #11650, and FERNANDO RUIZ, #12936, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VIII: Malicious Prosecution

54. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

55. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

56. Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

57. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, MARQUIS JONES, demands judgment against the Defendants, CITY OF CHICAGO, ALLEJANDRO BALLESTEROS, #11650, and

FERNANDO RUIZ, #12936, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IX: Battery

58. Plaintiff incorporates all proceeding paragraphs as though fully set forth herein.
59. By the actions detailed above, Defendants intentionally made unwanted and offensive bodily contact against Plaintiff and inflicted harm to him.
60. Defendants performed the acts detailed above with the intent of inflicting physical harm to Plaintiff.
61. Plaintiff was physically harmed.
62. As a direct and proximate result of the battery, Plaintiff was injured.
63. Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, MARQUIS JONES, demands judgment against the Defendants, CITY OF CHICAGO, ALLEJANDRO BALLESTEROS, #11650, and FERNANDO RUIZ, #12936, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT X: FOIA Violation**

64. Plaintiff incorporates all proceeding paragraphs as though fully set forth herein.

65. On 19 October 2020, Plaintiff sent the Chicago Police Department, an agency of Defendant City of Chicago, a FOIA Request ("the Request") for, "[a]ny and all records related to the arrest of Marquis Jones that occurred on 19 October 2020. This request includes, but is not limited to: (1) body cam; (2) dash cam; (3) arrest reports; (4) case incident reports; and (5) injury photos. Additionally, please produce any and all records related to RD# JC444456." Defendant received the request on or by October 19, 2020. A true and correct copy of the Request is attached as Exhibit A.

66. Upon information and belief, agents of Defendant with knowledge of the request were aware, from 19 October 2020, through the deadline to respond, that FOIA required a response to the Request within five business days unless an extension of another five business days was taken by the initial five-day deadline.

67. On 7 December 2020, Plaintiff's representatives followed up with the City as no records had been received and their response was more than a month overdue.

68. On 10 December 2020, the City provided a partial response by providing an arrest report and case report.

69. With that production, the City provided a letter that stated, in relevant part, "[t]he video footage relating to RD #JC444456 have been ordered from the department which houses those records to determine if any records exist. Upon receipt of any responsive records to your request, we will review the records to

determine if they are exempt from disclosure under Section 7 of the FOIA or should be revealed with appropriate redactions. This review shall be conducted with all practicable speed in order to respond to your request."

70. On 22 December 2020, Plaintiff followed up regarding the Request once more. The FOIA Officer informed Plaintiff that it would take one year to receive the requested videos because CPD was incredibly behind on FOIA Requests.

71. On 22 December 2020, Plaintiff followed up with CPD and spoke to a second FOIA Officer who informed Plaintiff that the matter had already been closed.

72. The second FOIA Officer purported to reopen the request.

73. On 30 December 2020, Plaintiff followed up with CPD again and was told that the video request had been made and Plaintiff should expect the footage within the first few weeks of January.

74. As of this filing, Plaintiff still has not received a complete FOIA response.

75. Upon information and belief, all of the agents of Defendant took the annual FOIA training required by the FOIA statute. Annual FOIA training materials and the FOIA statutory language make clear that FOIA required a response to the Request within five business days unless an extension of another vide days was taken by the initial five-day deadline.

76. Upon information and belief, Defendant's employees with the authority to set policies and procedures that govern FOIA responses ("Defendant's FOIA Supervisors") were aware, on or before the deadline to respond to the Requests, that in 2020 Defendant had been sued multiple times and made the subject of

multiple Attorney General Public Access Counselor requests for review for failing to respond to FOIA requests in a timely manner.

77. Upon information and belief, multiple City of Chicago employees have been aware of the Requests during some or all of the time period from 19 October 2020, to the date this Complaint was filed.

78. Defendant has willfully and intentionally violated FOIA by failing to respond to the Request.

WHEREFORE the Plaintiff, MARQUIS JONES, demands judgement against the Defendant, CITY OF CHICAGO, and enjoin Defendant from withholding non-exempt public records under FOIA, order Defendant to pay civil penalties, award Plaintiff reasonable attorneys' fees and costs, and provide any such other relief as this deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                               Respectfully Submitted,
                                               **MARQUIS JONES**

                                   By:    s/ Jeanette Samuels
                                                  *One of Plaintiff's Attorneys*

                                               Jeanette Samuels
                                               SHILLER PREYAR JARARD & SAMUELS
                                               601 S. California Avenue
                                               Chicago, Illinois 60612
                                               T: (872) 588-8726
                                               F: 773-346-1221
                                               E: sam@chicivilrights.com